1 F.3d 1250
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dwaine L. MELLIES, Defendant-Appellant.
 No. 92-3429.
 United States Court of Appeals, Tenth Circuit.
 July 21, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Mellies was convicted by a jury of nine counts of making false statements in violation of 18 U.S.C. Sec. 1001. We affirm.
 
 
 3
 The significant facts were undisputed before the jury. The Federal Land Bank held a mortgage of Mr. Mellies' property and began foreclosure proceedings. Mr. Mellies then sent I.R.S. Form 1099's to various people, mostly bank officers and attorneys, who were involved in the foreclosure proceedings. These forms showed each of the recipients had been paid a substantial sum of money by Mr. Mellies. These forms carried a notice that the information contained thereon was being reported to the I.R.S. and should be reported by the recipient on his income tax return. The recipients contacted the I.R.S. and notified it of the falsity of these forms. These false 1099's, the originals of which were not sent to the I.R.S., formed the basis of the convictions.
 
 
 4
 Mr. Mellies appeals pro se. Mr. Mellies' brief is less than articulate. For example, Mr. Mellies argues the verdict should be set aside as "whether jurors who could not abide by the juror oath and could not apply the law correctly?" Mr. Mellies lists eight or more issues of less clarity. We will nevertheless attempt to answer what we believe to be Mr. Mellies' more significant concerns.
 
 Jurisdiction
 
 5
 The indictment alleged violations of federal law. Under 18 U.S.C. Sec. 3231 and the United States Constitution, district courts have jurisdiction over all offenses alleged against the laws of the United States. Clearly, the district court had the jurisdiction to try this case.
 
 Sufficiency of the Evidence
 
 6
 When an appellate court reviews a claim of insufficient evidence, it does so in accordance with well established rules. The first is that an appellate court cannot determine whether or not a witness is telling the truth. This decision is for the jury alone. Second, if the jury votes to convict, then an appellate court must also give every reasonable inference to the evidence of the Government's witnesses.
 
 
 7
 Applying these rules to the record on appeal, the evidence is sufficient to sustain the conviction. The conduct involved Mr. Mellies sending false I.R.S. Form 1099's to nine different victims stating that he paid them various amounts of income ranging from $105,435.25 to $540,746.36. This information was false.
 
 
 8
 In order to prove a violation of 18 U.S.C. Sec. 1001 the government must show the following: (1) the defendant made a false statement; (2) on a matter within the jurisdiction of a department or agency of the United States; (3) the false statement related to a material matter; and (4) the defendant acted willfully and with knowledge of the falsity. If it is reasonably foreseeable by the defendant that the false statement will make its way to the federal agency involved, then criminal liability will attach. United States v. Oren, 893 F.2d 1057, 1065 (9th Cir.1990). The statute is written in the broadest of terms to protect the authorized functions of government from the perversion that might result from deceptive practices.
 
 
 9
 The 1099 contains the following language on its face:
 
 
 10
 This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported.
 
 
 11
 Given the importance of this information to the recipients, it is not only reasonably foreseeable, but inevitable, that they would contact the I.R.S. concerning these false documents. The recipients testified they had never received any property from Mr. Mellies of the value claimed and each testified to contacting or causing the I.R.S. to be contacted about the false information. Each was worried about the substantial time and expense to correct the erroneous information. Mr. Mellies asserts, indirectly, that the amounts contained in the 1099's were so ridiculous that no I.R.S. agent would believe them. This argument has been answered by this court. United States v. Parsons, 967 F.2d 452, 455 (10th Cir.1992).
 
 The Grand Jury
 
 12
 Mr. Mellies was subpoenaed by the Grand Jury for the purpose of giving handwriting exemplars and fingerprints. He gave no testimony. Mr. Mellies believes it was fatal error not to first advise him of his rights under Miranda. Mr. Mellies is mistaken. Miranda requires the advisement of certain rights only when an individual is in custodial interrogation. He was not.
 
 Miscellaneous
 
 13
 Mr. Mellies raises numerous other contentions which do not merit discussion. We have reviewed the record in the case before us simply because this is a direct criminal appeal. We can find no error.
 
 
 14
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3